

RECEIVED
FEB -8 2018
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL LANE<br>SCI-Fayette AS1293<br>48 Overlook Drive<br>LaBelle, Pennsylvania 15450,<br>　　　　　Plaintiff,<br><br>VS.<br><br>CITIZENS BANK<br>Janet knight,<br>Office of the Chairman<br>One Citizens Drive　　RDC575<br>Riverside, Rhode Island 02915<br>　　　　　Defendant. | CIVIL ACTION<br><br>18-176<br>(Docket Number)<br><br><br>JURY TRIAL DEMANDED<br><br><br>COMPLAINT |

### I. JURISDICTION

1. The court has jurisdiction over this diversity of citizenship case pursuant to 28 U.S.C. §1332(a), insofar as:

　　a. Plaintiff is a citizen of a state different than where Defendant is located.
　　b. Money damages sought in this civil action exceed the amount of $75,000.00.

### II. PREVIOUS LAWSUITS

2. Plaintiff is not a party to any pending or terminated action pertaining to the same facts as alleged herein.

### III. PARTIES

3. Plaintiff CARL LANE is a competent adult proceeding pro se in this action.

4. Defendant CITIZENS BANK is an incorporated banking entity headquartered in Rhode Island, USA.

## IV. PRELIMINARY STATEMENT

<u>Dates and Place of events</u>

5. The herein described events occurred from September 20, 2007 to the present. For purposes of venue, the herein described events occurred in Fayette County, PA, at the State Correctional Institution at Fayette (hereafter "SCI-Fayette") where, at all times relevant to this civil action, the Plaintiff was confined as an inmate of the Pennsylvania Department of Corrections (herein "PA DOC").

## V. STATEMENT OF THE FACTS

6. On/about September 20, 2007, while a PA DOC inmate confined at SCI-Fayette, the Plaintiff mailed a completed account application, along with an institution check payable to Defendant to open a Citizens Bank savings account.

7. From the account application (which included Plaintiff's PA DOC ID photo), from the accompanying institution check, and from his mailing envelope which in bold type states, "INMATE MAIL - DEPARTMENT OF CORRECTIONS", THE Defendant knew that due to his obvious incarceration, that Plaintiff would be unable to appear in person to make any deposits in or withdrawals from his Green Savings Account (ending 1307).

8. Prior to and at the time of the opening of said account, Defendant knew that the Plaintiff would only be able to bank-by-mail due to his incarceration.

9. At the time of the opening of said account, the Plaintiff understood that he could bank-by-mail, to make both withdrawals and deposits, via First Class U.S. mail.

10. At no time before or at the time of the opening of said account; nor at any time before December 4, 2017 did Defendant disclose to Plaintiff that Citizens Bank customers must appear in person to withdraw funds from his/her account, or otherwise advise the Plaintiff of the Defendant's policy prohibiting by-mail withdrawals.

11. More than once by mail, between 2012 to 2015, the Plaintiff withdrew funds from said account.

12. From August 3, 2017 to October 16, 2017, Plaintiff made numerous request for withdrawal and deposit slips to Defendant Citizens Bank.

13. On October 20, 2017, after his numerous request for withdrawal and deposit slips were repeatedly ignored, the Plaintiff decided to file an official complaint with the Pennsylvania Department of Banking & Securities' Office of Consumer Services which instructed Defendant Citizens Bank to provide a written response to the complaint by November 20, 2017.

14. On December 5, 2017, the Defendant filed a late response to said complaint with the aforesaid administrative agency.

15. Along with it's response, copied to the Plaintiff, the Defendant provided the Plaintiff with a supply of deposit slips, but refused to provide Plaintiff with any withdrawal slips.

16. Janet Knight of Defendant Citizens Bank's Office of the Chairman responded, "I am unable to accommodate your request for withdrawal slips. Withdrawals must be done in person".

17. The Plaintiff is serving an aggregated term of confinement in state prison of Eighty-Four (84) years; commencing December 12, 1987. Therefore, he is unable to appear in person to make any withdrawals, and, thus, may only bank by mail.

18. As a direct and proximate result of Defendant's refusal to permit Plaintiff to make any further by-mail withdrawals, Defendant has proximally seized Plaintiff's funds; directly due to the inability of the Plaintiff to appear in person to make any withdrawals - until December 12, 2071; when he is 102½ year old.

19. The Plaintiff would have not opened a savings account with Citizens Bank had the Defendant disclosed to the Plaintiff that "withdrawals must be done in person".

20. Defendant Citizens Bank has never produced to the Plaintiff it's bank policy or disclosure, or any other pre-account opening, advising that by-mail withdrawals are not permitted.

21. On/about March 28, 2013, the Plaintiff mailed a withdrawal request/slip to the Defendant to withdraw (approximately) $550.00 from said account.

22. In response to the Plaintiff's aforesaid request, and per his instruction, the Defendant mailed a Citizens Bank check for the sum of about $550.00, to the payee Sonyata Griffin.

23. Without prior notice, Defendant now prohibits the Plaintiff from making any further by-mail withdrawals from his savings account.

24. Defendant allows all other Citizens Bank customer to make by-mail withdrawals from their accounts.

25. Defendant does not require other Citizens Bank customers to appear in person to make withdrawals; permitting those customer to make withdrawals electronically.

## VI. CLAIMS FOR RELIEF

26. Defendant breached it's fiduciary duty owed to the Plaintiff, and/or implied contract entered into with the Plaintiff; to permit him to make by-mail withdrawals from his Citizens Bank Green Savings Account.

27. Defendant breached it's fiduciary duty owed to the Plaintiff, and/or implied contract entered into with the Plaintiff, to not unlawfully obstruct Plaintiff from making lawful withdrawal of funds from his account with Citizens Bank.

## VII. INJURY

28. As a direct and/or proximate cause of the Defendant's intentional act of withholding Plaintiff's account funds, the Plaintiff has been, and continues to be, unable to fulfill certain legal and financial obligations.

29. As a further direct and/or proximate cause of the aforesaid intentional acts of the Defendant, the Plaintiff has suffered, continues to suffer, and may in the future suffer extreme emotional distress, for which the Plaintiff has been obliged and/or may in the future be obliged to receive and undergo mental health treatment and care, and incur various losses and/or expenses resulting therefrom; which sums the Plaintiff also claims of Defendant Citizens Bank.

30. As a further direct result of the aforesaid, and/or reasonable proximate cause thereof, the Plaintiff has incurred, and/or may in the future incur various other expenses, and/or losses which do or may exceed amount that the Plaintiff may otherwise be entitled to recover; which sums the Plaintiff also claims of Defendant Citizens Bank.

## VIII. REQUESTED RELIEF

DAMAGES:

    a. Award compensatory damages for a sum not less than $100,000.00.
    b. Award punitive damages in triplicate; for a sum of $ 15,700.00.

COSTS:

    c. Award costs in an amount as it may appear Plaintiff is entitled.

Respectfully submitted,

*Carl Lane*
Carl Lane,
Plaintiff, pro se

Signed this 2nd day of February, 2018

## DECLARATION

Pursuant to 28 U.S.C. §1746, relating to unsworn declarations, the undersigned under penalty of perjury hereby declares that the foregoing Statement of the Facts are true and correct to the best of the Plaintiff's knowledge, information, and belief.

CARL LANE,
Plaintiff, pro se

DATE: 02/02/2018

CARL LANE
SCI-Fayette AS1293
48 Overlook drive
LaBelle, PA 15450-1050