## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL LANE,

    Plaintiff,

        v.

                                        Civil Action No. 18-176

CITIZENS BANK, Janet Knight,                    Judge Nora Barry Fischer
Office of the Chairman,
    Defendant.

### ORDER OF COURT

AND NOW, this 13th day of March, 2018, upon consideration of Plaintiff Carl Lane's Motion and Declaration to Amend his Motion to Proceed In Forma Pauperis (Docket No. [5]) filed in the above captioned matter on March 12, 2018,

IT IS HEREBY ORDERED that said Motion [5] is DENIED because Plaintiff has acquired at least three strikes and thus is not permitted to proceed in forma pauperis ("IFP"), and his proposed Complaint does not reveal imminent risk of serious physical injury.

In so holding, it is well settled that it is a plaintiff's burden to prove entitlement to IFP status. *See White v. Gregory*, 87 F.3d 429, 430 (10th Cir. 1996); *New Assessment Program v. PNC Corp.*, No. 95-CV-6059, 1995 U.S. Dist. LEXIS 14624, at *2 (E.D. Pa. Oct. 3, 1995); *In re Lassina*, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").  In considering the pending IFP Motion, this Court takes judicial notice of court records and dockets of the federal courts. *DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (noting that a court is entitled to take judicial notice of public records).  A review of the electronic dockets of these federal courts reveals

that Plaintiff has accumulated at least three "strikes" within the contemplation of 28 U.S.C. § 1915(g), which provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The term "prisoner" means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  *Id.* § 1915(h).

In this case, Plaintiff is a "prisoner" within the meaning of § 1915.  Plaintiff also has three strikes.  Indeed, as Magistrate Judge Lisa Pupo Lenihan explained in 2011:

> Court records indicate that Plaintiff has had three prior actions dismissed that count as strikes under the [Prison Litigation Reform Act].  *See Lane v. Gay, et. al*, Civil No. 07-004, 2007 U.S. Dist. LEXIS 68589 (W.D. Pa. Sept. 17, 2007) (Order granting motion to dismiss and judgment on the pleadings and denying motion to amend complaint as plaintiff did not state a claim upon which relief could be granted); *Lane v. Riley, et. al*, Civil Action No. 04-952, 2007 U.S. Dist. LEXIS 25795 (W.D. Pa. April 6, 2007) (Order granting motion to dismiss and dismissing claims against unserved defendants for failure to state a claim upon which relief may be granted); and *Lane v. Stidd*, Civil Action No. [07-113],[1] 2007 U.S. Dist. LEXIS 9594 (M.D. Pa. February 9, 2007) (Order dismissing plaintiff's complaint pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted).

*Lane v. Zirkle*, No. 11-CV-893, 2011 U.S. Dist. LEXIS 97225, at *2-3 (W.D. Pa. Aug. 8, 2011) (recommending that the plaintiff's motion to proceed IFP be denied); *see also Lane v. Zirkle*, No. 11-893, 2011 U.S. Dist. LEXIS 97224 (W.D. Pa. Aug. 30, 2011) (adopting the report and recommendation).

---

[1] The docket number, which is identified as Civil Action No. 07-1113, is Civil Action No. 07-113 in the Middle District of Pennsylvania.

A plaintiff who has three strikes and seeks to proceed IFP must establish that he or she is in "imminent danger of serious physical injury." *Bullock v. Berrier*, No. 15-CV-1J, 2015 U.S. Dist. LEXIS 122966, at *3 (W.D. Pa. July 28, 2015) ("[I]t is for this Court to resolve the question of whether Plaintiff has carried his burden to show imminent danger of serious physical injury.") (footnote omitted). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Imminent danger is measured at the time of the filing of the complaint. *Id.* at 312.

Viewing Plaintiff's allegations generously, the Court finds that Plaintiff has not met the threshold of showing an imminent danger of serious physical injury at the time of his filing the complaint on February 2, 2018, the date on which he signed his complaint and IFP application. (Docket No. 1). Indeed, Plaintiff alleges that despite knowing that he could only bank through the mail due to his incarceration, Defendant failed to disclose that customers must appear in person to withdraw funds from their accounts. (Docket No. 1-1). He contends that Defendant has proximally seized his funds because he will be unable to appear in person to make withdrawal until December 12, 2071, when he is over 102 years old. Plaintiff avers that he is suffering from "extreme emotional distress," not serious physical injury, as a result of Defendant's intentional acts. (*Id.*). Consequently, Plaintiff is not entitled to proceed in forma pauperis in this action.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff Carl Lane's Motion and Declaration to Amend his Motion to Proceed In Forma Pauperis, (Docket No. [5]), is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $400.00 filing fee by **May 14, 2018**.[2]

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

Finally, IT IS ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty days to file a notice of appeal, as provided by Rule 3 of the Federal Rules of Appellate Procedure.

 *s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: Carl Lane
        AS-1293
        SCI Fayette
        50 Overlook Drive
        LaBelle, PA 15450

---

[2] Effective May 1, 2013, an administrative fee of $50.00 is to be paid in addition to the $350.00 filing fee required upon the filing of a civil action, for a total of $400.00.  The $50.00 fee does not apply to persons proceeding and granted in forma pauperis status under 28 U.S.C. § 1915.  *See* http://www.pawd.uscourts.gov/fee-schedule.